UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. HOLLINGSWORTH, III,

      Plaintiff,

v.                                                  Hon. Hala Y. Jarbou

CIVIL RIGHTS DEPARTMENT                      Case No. 1:24-cv-412
OFFICE OF GRAND RAPIDS,
MICHIGAN, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff filed two complaints in this Court on April 23, 2024. In Case No. 1:24-cv-411, Plaintiff sued his former employer, Walmart, Inc., alleging that it violated Title VII of the Civil Rights Act of 1964 (Title VII) and other laws by subjecting him to unequal treatment and ultimately suspending him and terminating his employment. Case No. 1:24-cv-411, ECF No. 1 at PageID.2–3. In this action, Plaintiff has sued the Civil Rights Department Office of Grand Rapids, Michigan (apparently the Grand Rapids office of the Michigan Department of Civil Rights (MDCR)) and the Equal Employment Opportunity Commission (EEOC). Plaintiff claims that the MDCR and the EEOC violated his rights under Title VII and the Age Discrimination in Employment Act (ADEA) by failing adequately to address his discrimination complaints and subsequent retaliatory actions by Walmart. Plaintiff also alleges claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the First and Fourteenth Amendments.

Having granted Plaintiff's motion to proceed as a pauper (ECF No. 6), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief. After conducting this review, I recommend that Plaintiff's claims against both Defendants be dismissed for lack of jurisdiction and failure to state a claim.

## I.    Lack of Jurisdiction

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). When a plaintiff sues an agency of the federal government, such as the EEOC, the plaintiff must allege a waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity, which is jurisdictional in nature, deprives a court of subject matter jurisdiction absent a waiver). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (internal quotation marks omitted). Similarly, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994).

Turning first to the EEOC, Plaintiff fails to allege a waiver of the EEOC's sovereign immunity. As one court has observed, "[c]ourts have repeatedly held that the United States has not waived sovereign immunity for suits against the EEOC based on the EEOC's handling of an employment discrimination charge." *Alvey v. EEOC*, No. 1:20-CV-140, 2020 WL 5648209, at *2

(W.D. Ky. Sept. 22, 2020) (citing, among others, *Baba v. Japan Travel Bureau Int'l*, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam), and *Ward v. EEOC*, 719 F.2d 311, 313–14 (9th Cir. 1983)). In *Verboom v. Department of Defense*, No. 93-3005, 1993 WL 302394 (6th Cir. Aug. 5, 1993), the Sixth Circuit affirmed the district court's dismissal of the plaintiff's claim against the EEOC for lack of jurisdiction, noting that "[w]hen the EEOC fails to act, delays or errs in its processing of a complaint, the complainant's remedy, as provided by statute, is to bring a de novo lawsuit against his employer in the district court." *Id.* at *1 (citing *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 365–66 (1977), and *McCottrell v. EEOC*, 726 F.2d 350, 352 (7th Cir. 1984)). This same conclusion applies regardless of whether a plaintiff sues the EEOC under Title VII or the ADEA. *See Wrenn v. Vanderbilt Univ. Hosp.*, No. 93-5994, 1994 WL 28670, at *2 (6th Cir. Jan. 31, 1994) (observing that there is no cause of action for improper investigation or processing of a discrimination charge under Title VII or the ADEA); *Brown v. EEOC*, No. l:11-cv-666, 2012 WL 3156147, at *3 (S.D. Ohio Aug. 3, 2012), *report and recommendation adopted*, 2012 WL 4107831 (S.D. Ohio Sept. 18, 2012) ("Similar to Title VII, the ADEA does not permit private causes of action against the EEOC for the alleged improper handling of a discrimination charge."). As noted above, Plaintiff has already availed himself of his statutory remedy by suing his former employer. He has no statutory basis for his present action against the EEOC.

As for the MDCR, dismissal for lack of jurisdiction is appropriate based on Eleventh Amendment immunity. Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Michigan federal courts have consistently held that the MDCR is an instrumentality of the State of Michigan entitled to Eleventh Amendment immunity. *See Gasca v. Michigan Dep't of Civil Rights*, No. 23-

10683, 2023 WL 4996567, at *2 (E.D. Mich. June 26, 2023), *report and recommendation adopted*,

2023 WL 5767462 (E.D. Mich. Sept. 6, 2023); *Clark v. Lafayette Place Lofts*, No. 14-12519, 2015

WL 871659, at *1 (E.D. Mich. Feb. 26, 2015); *Simon v. Trieweller*, No. 1:12-cv-1184, 2013 WL

164214, at *2 (W.D. Mich. Jan. 15, 2013). Accordingly, Plaintiff's claims against the MDCR are

barred by Eleventh Amendment immunity.

## II.    Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure

to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to

raise a right to relief above the speculative level on the assumption that all of the complaint's

allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations

and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a
> court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not suffice. Rule 8 marks a
> notable and generous departure from the hypertechnical, code-pleading regime of
> a prior era, but it does not unlock the doors of discovery for a plaintiff armed with
> nothing more than conclusions. Second, only a complaint that states a plausible
> claim for relief survives a motion to dismiss. Determining whether a complaint
> states a plausible claim for relief will, as the Court of Appeals observed, be a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense. But where the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Plaintiff's claims against the EEOC and the MDCR under Title VII and the ADEA also fail to state a claim because "[t]here is no private cause of action for the improper investigation or processing of a discrimination charge" under Title VII or the ADEA. *Reed v. EEOC*, No. 96-1275, 1996 WL 636171, at *1 (6th Cir. Oct. 30, 1996) (citing *Scheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir. 1991), and *Gillis v. United States Dep't of Health & Human Servs.*, 759 F.2d 565, 574 (6th Cir. 1985)); *see also Alvey v. Kentucky Comm'n on Human Rights*, No. 1:19-CV-162, 2020 WL 377023, at *2 (W.D. Ky. Jan. 22, 2020) (holding that no private right of action exists against a state agency processing a charge on behalf of the EEOC for improper handling or investigation of a charge of discrimination).

As for Plaintiff's claims under Section 1983, because the federal government and its agencies, such as the EEOC, do not act under color of state law, they are not subject to suit under Section 1983. *See District of Columbia v. Carter*, 409 U.S. 418, 424 (1973) (noting that Section 1983 "does not reach . . . actions of the Federal Government"); *Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) ("The [Federal Mediation and Conciliation Service] is a federal agency and, therefore, it acts under color of *federal law*. . . . The federal government and its officials are not subject to suit under 42 U.S.C. § 1983.") (citing *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 931 (6th Cir. 1987); *Mattox v. United States of America, Inc.*, No. 19-2155, 2019 WL 4454522, at *4 (W.D. Tenn. Aug. 26, 2019), *report and recommendation adopted*, 2019 WL 4453706 (W.D. Tenn. Sept. 17, 2019) ("HUD is a federal agency. As such, HUD and its employees act under color of federal law, not state law, and thus are not suable under Section 1983."). In

addition, as an instrumentality of the State of Michigan, the MDCR is not a "person" subject to suit under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).

Finally, even if Defendants were subject to suit under Section 1983, or if Plaintiff had sued individual employees of those agencies, his First and Fourteenth Amendment claims contain only conclusory statements lacking factual content. Thus, those claims are also subject to dismissal because they fall far short of the *Twombly/Iqbal* standard.

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for lack of jurisdiction and failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  May 1, 2024                             /s/ Sally J. Berens
                                               SALLY J. BERENS
                                               U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).