UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. HOLLINGSWORTH, III,

    Plaintiff,

v.

CIVIL RIGHTS DEPARTMENT OFFICE
OF GRAND RAPIDS, MICHIGAN, et al.,

    Defendants.
_____/

Case No. 1:24-cv-412

Hon. Hala Y. Jarbou

## ORDER

On May 1, 2024, the magistrate judge issued a report and recommendation, explaining that Plaintiff's initial complaint is barred by sovereign immunity and fails to state a claim on which relief can be granted. (R&R, ECF No. 8.) In his initial complaint, Plaintiff sued the Equal Employment Opportunity Commission ("EEOC") and the Michigan Department of Civil Rights ("MDCR") for Title VII, ADEA, and constitutional violations under 42 U.S.C. § 1983. (Compl. ¶¶ 1-9, ECF No. 1.)

Plaintiff has now filed an amended complaint, adding more parties and more causes of action. (Am. Compl., ECF No. 9.) Including the parties of his initial complaint, Plaintiff's amended complaint names the United States Department of Justice ("DOJ") and the Michigan Department of Attorney General as Defendants, and he adds a count against all Defendants under the Rehabilitation Act. (*Id.* ¶¶ 5-9.) In sum, Plaintiff alleges that the EEOC, the DOJ, the MDCR, and the Michigan Department of Attorney General violated his equal protection, and due process rights, and violated Title VII, the Rehabilitation Act, the ADEA, and Michigan civil rights laws

by not investigating and litigating his discrimination allegations against his previous employer. (*Id.*)

Under 28 U.S.C. § 1915(e)(2), the Court can review the amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

**I.      Lack of Jurisdiction**

It is presumed that an action lies outside federal jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1944) (citations omitted). When a plaintiff sues an agency of the federal government, such as the EEOC, the plaintiff must allege a waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (sovereign immunity, which is jurisdictional in nature, deprives a court of subject matter jurisdiction absent a waiver). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gao v. Jenifer*, 185 F.3d 548, 554 (6th Cir. 1999) (internal quotation marks omitted). Similarly, the states and their departments are immune under the Eleventh Amendment from suit in federal courts, unless the state has waived immunity, or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

The EEOC generally enjoys sovereign immunity unless expressly waived. *Gary v. Pa. Hum. Rels. Comm'n*, 497 F. App'x 223, 228 (3d Cir. 2012). Plaintiff claims that the EEOC has waived sovereign immunity by receiving federal funding. (Am. Compl. ¶¶ 26-31 (citing 42 U.S.C. § 2000(e) and *Lane v. Pena*, 518 U.S. 187 (1996)).) But that is not true; the EEOC does not waive immunity by merely receiving federal funds. *See Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d

2

641, 645 (6th Cir. 2015) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Plaintiff cites 42 U.S.C. § 2000e–16 for authority that the EEOC has waived its sovereign immunity, but § 2000e does not state that the EEOC has waived its immunity. (Am. Compl. ¶ 26.) Moreover, Plaintiff's reliance on *Lane* is misplaced. (*Id.*) *Lane* did not hold that a federal agency waives its immunity by receiving federal funds. Rather, the Court determined that without a clear and unambiguous waiver of sovereign immunity, damages cannot be awarded. *Lane*, 518 U.S. at 192. Thus, Plaintiff cannot sue the EEOC since the EEOC has sovereign immunity.

Plaintiff also sues the DOJ. Like the EEOC, the DOJ is entitled sovereign immunity, unless Plaintiff can show that the DOJ waived its immunity. *See Meyer*, 510 U.S. at 475; *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993). Here, Plaintiff fails to establish a waiver of sovereign immunity. He points to no statute or case that allows his suit against the DOJ to go forward. As a result, the Court lacks jurisdiction over Plaintiff's claims against the DOJ.

Unlike his claims against the EEOC and DOJ, Plaintiff can pursue his Rehabilitation Act, ADA and Title VII claims against the MDCR and Michigan Department of Attorney General. The MDCR and Michigan Department of Attorney General are immune from Plaintiff's constitutional, ADEA, and Michigan state law claims, because Congress has not expressly abrogated Eleventh Amendment immunity by statute and the State of Michigan has not consented to civil rights suits in federal court. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *see also Fla. Dep't of Health & Rehab Servs. v. Fla. Nursing Home Assoc.*, 450 U.S. 147, 150 (1981) ("[M]ere fact that a State participates in a program through which the Federal Government provides assistance for the operation by the State is not sufficient to establish consent on the part of the State to be sued in federal courts[.]"). That said, the Court does have jurisdiction over Plaintiff's Rehabilitation Act, ADA, and Title VII claims. *See Gean v. Hattaway*,

330 F.3d 758, 775 (6th Cir. 2003) ("States that receive federal funds waive their sovereign immunity defense to claims brought against them under the Rehabilitation Act."); *United States v. Georgia*, 546 U.S. 151, 159 (2006) (providing that the ADA "validly abrogates state sovereign immunity" for "conduct that *actually* violates the Fourteenth Amendment[.]"); *Carnahan v. Luther*, No. 1:24-cv-319, 2024 WL 1952724, at *13-14 (W.D. Mich. June 12, 2024) ("If conduct violates the ADA but not the Fourteenth Amendment, then the Court must determine whether the ADA validly abrogates state sovereign immunity.") (citing *United States v. Georgia*, 546 U.S. 151, 159 (2006)); *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999) ("Plaintiffs may directly sue a State in federal court when . . . the case concerns a statute passed pursuant to Section 5 of the Fourteenth Amendment, such as Title VII claims."); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) (holding that Congress abrogated the States' sovereign immunity by enacting Title VII under the Enforcement Clause, § 5, of the Fourteenth Amendment).

In short, Plaintiff's Rehabilitation Act, ADA, and Title VII claims against the MDCR and Michigan Department of Attorney General are not barred by sovereign immunity.

**II.     Failure to State a Claim**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate when the complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To satisfy 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

Here, Plaintiff fails to state a claim under the Rehabilitation Act and the ADA. Courts typically evaluate ADA and Rehabilitation Act claims similarly.[1] *Douglas v. Muzzin*, No. 21-2801, 2022 WL 3088240, at *5 (6th Cir. Aug. 3, 2022) (citing *Doe v. Woodford Cnty. Bd. Of Educ.*, 213 F.3d 921, 925 (6th Cir.)). To establish a prima facie ADA case, Plaintiff must show that: (1) he has a disability; (2) he is otherwise qualified; and (3) he was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of his disability. *Id.* (quoting *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015)). The Rehabilitation Act requires Plaintiff to show that: (1) he is disabled; (2) he was otherwise qualified; (3) he was excluded solely by reason of his disability; and (4) the relevant program is receiving federal financial assistance. *Id.* (quoting *Doe v. Salvation Army in U.S.*, 531 F.3d 355, 358 (6th Cir. 2008)). Yet Plaintiff does not even get past the first step of either claim. He alleges no facts from which to infer that he is disabled. Thus, Plaintiff's Rehabilitation Act and ADA claims must be dismissed since he fails to make a claim for which relief can be granted.

Furthermore, Plaintiff fails to state a claim under Title VII. To establish a prima facie discrimination case under Title VII, Plaintiff must show that:

> [H]e is a member of a protected class; he was qualified for the job and performed it satisfactorily; despite his qualifications and performance, he suffered an adverse employment action; and he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside of his protected class.

*Laster v. City of Kalamazoo*, 746 F.3d 714, 727 (6th Cir. 2014) (citing *Logan v. Denny's Inc.*, 259 F.3d 558, 566 (6th Cir. 2001)). But Plaintiff was never employed or potentially employed by any of the entities he now sues. Consequently, Plaintiff's Title VII claims must also be dismissed.

---

[1] While the causation standards differ, the Sixth Circuit provides that when the differing standards are "unimportant to resolve the issues presented, there is no need to address the difference." *Douglas v. Muzzin*, No. 21-2801, 2022 WL 3088240, at *5 (6th Cir. Aug. 3, 2022). Because Plaintiff fails to allege the threshold issue of disability, the Court finds no need to address the differing causation standards.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  For the same reason the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Therefore, the Court will certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 8) is **REJECTED as moot** due to Plaintiff filing an amended complaint.

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3).

A judgment will enter in accordance with this Order.


Dated: October 2, 2024                         /s/ Hala Y. Jarbou
                                               HALA Y. JARBOU
                                               CHIEF UNITED STATES DISTRICT JUDGE